Our next case this morning for argument is DJM Logistics against FedEx. Mr. Sultan, whenever you're ready. Good morning, Your Honors, and may it please the Court. My name is William Sultan and I represent the appellant DJM Logistics and we come before you today requesting that you reverse the district court's decision and specifically find that the district court erred in concluding that DJM Logistics' complaint failed to state a claim under 42 U.S.C. 1981 and that the district court erred when it dismissed DJM's complaint with prejudice without any opportunity to amend or to obtain counsel. Since at least the U.S. Supreme Court's decision in Runyon v. McRae in 1976, the law has been that the denial of a contract opportunity because of race is redressable under 42 U.S.C. 1981. Both the district court and FedEx Ground relied on Domino's Pizza v. McDonald below. In that case, the U.S. Supreme Court explained that section 1981 offers relief when racial discrimination blocks the creation of a contractual relationship so long as the plaintiff has or would have rights under the existing or a proposed contractual relationship. DJM Logistics' complaint makes exactly those allegations. The complaint alleges that the purpose of forming DJM Logistics was to assign Fairway Delivery's contract rights to DJM Logistics. Fairway Delivery had a contract with FedEx Ground. The complaint alleges that Brandi Johnson, a black woman, was to be the owner of DJM Logistics. The complaint alleges that Ms. Johnson had been subjected to racial verbal abuse when she worked and indeed was a part owner of Fairway Delivery under its contract with FedEx Ground. The complaint alleges that FedEx Ground was seeking to terminate Fairway Delivery's contract because of Ms. Johnson's race. And the complaint alleges that FedEx Ground blocked the proposed assignment between Fairway Delivery and DJM Logistics because of Ms. Johnson's race. Importantly, the district court did not conclude that DJM Logistics' complaint had deficiencies that could not be cured in a future pleading. The problem was multi-faceted here. Ms. Johnson was trying to represent the new corporation pro se, which she cannot do, and she had been told that not just by Judge because she was trying to litigate on behalf of Fairway, the previous corporation that was in a contractual relationship with FedEx, and in fact that was one of the basis for dismissal of more of the earlier iterations of the complaint. And then there was an amendment and that was evidently counseled, but there was a voluntary withdrawal of that second amendment, or there was another amended complaint that was defective for similar reasons that Judge Ludwig dismissed, and he gave your client some very specific instructions about how to amend, having given her another, yet another, a third opportunity to file an amended complaint based on some things that she to argue that FedEx interfered with her ability to assign the Fairway contract to her individually. That was what was represented to the judge when he dismissed the third try, and then on the fourth try she substitutes this other corporation that I am acquiring an interest in, and she tries to argue that in the latest iteration of the complaint that the FedEx interfered with the ability to transfer the contract to that other corporation, and there are many defects with that. She can't bring that claim pro se on behalf of the limitations issue with that, although that's not reiterated on appeal, and that she ignored the instructions of Judge Ludwig for what she had to do to bring the complaint within the confines of his ruling, and that was why he dismissed the complaint. So there may be an argument somewhere that there's a claim available somewhere here, but she's had four chances to bring it and has failed, so I think we need to concentrate on the reasons why Judge Ludwig dismissed this complaint. Sure, Your Honor, and that's not exactly right on the on the case history. There was a prior case that was filed before Judge Stattmiller. It's my understanding it was not involved in that case, but it's my understanding that there was a companion case that was in arbitration. So when Judge Stattmiller dismissed that case without prejudice, I believe a lawyer came on, someone other than me, filed a complaint, and then essentially that case was dismissed and moved into arbitration. And do we know why the arbitration resolution didn't subsume the claims in the subsequent litigation? Is there anything in the record that talks about the scope of what the resolution was of the arbitration agreement? The first time that I saw anything in the record related to that was on appeal in their appendix. That was not an issue that was raised before the district court. It's not something that was presented to me, but that was the first time that FedEx had asserted that the claims by DJM Logistics and Ms. Johnson were somehow subsumed within that settlement that came out of that arbitration. So we don't know if there was any arbitration award that was resolved via settlement, and my understanding comes from their appendix. And there was a waiver of all claims associated with this entire episode in connection with the settlement of that arbitration. That's not our position. It's it's our understanding that FedEx found on appeal for the first time is arguing that there's such a release of claims. But DJM Logistics disputes, and Ms. Johnson did not file such waiver of claims related to that. At the time of that arbitration there was another company, a company that in DJM Logistics complaint asserts that a less favorable assignment was made because of FedEx's discrimination. And so that settlement agreement included parties beyond Ms. Johnson, and it didn't include DJM Logistics in any event. But I concede in the briefing and will concede today that Ms. Johnson was not a lawyer and could not file that case. However, we submit that it was an abuse of discretion for the court to dismiss that complaint with prejudice merely on that account. She's had four opportunities to litigate this action of FedEx, and it includes an arbitration that she apparently settled favorably. So it strikes me as far from an abuse of discretion for Judge Ludwig to say, okay, this is the end. I don't think that's exactly right, Your Honor. In the first case, so the, I guess the first quasi-court proceeding involving the parties didn't include Ms. Johnson and didn't include DJM Logistics. It included other parties. Ms. Johnson did file a case that was then withdrawn. It was all about the termination of the contract, Fairway's contract, with FedEx and the allegation that FedEx interfered with her ability to assign it to somebody else. That's what all of these cases relate to. The transactional facts are the same. She just keeps changing her theory. I'm not able to tell the court what the scope of the arbitration was because I wasn't involved in it and it wasn't submitted to the district court. I have the assumption that what had happened in front of Judge Stadtmiller about this whole set of transactional facts overlapped with what he had in front of him and that he was in fact on round four. I don't believe that's what the district court's decision says. I believe the district court's decision made a mistake in believing that the statute of limitations was only four years when in fact it was six years. I'm not talking about the statutory interpretation or the statute of limitations question. I'm talking about your argument that the judge abused his discretion by not giving her a fifth opportunity. There have been four different iterations of the complaint on this set of operative facts. Two in front of Judge Stadtmiller, the second one went away because the parties went into arbitration, and then two in front of Judge Ludwig. Again, I don't believe that's exactly right, but the district court's decision doesn't indicate that he believed there had been too many kicks at the cat, and that was the basis for dismissing the complaint with prejudice. The bases were that he didn't believe it stated a claim under Rule 8a, he believed it was beyond the statute of limitations, and that the company was unrepresented by counsel at the time. That she could not bring the claim pro se on behalf of the company. That is correct. Right. All of those were sound bases for dismissal, perhaps not the statute of limitations question because that's not reiterated by FedEx on appeal, so we can leave that to the side for now, but he gave her very specific instructions and a generous opportunity to replead based on what she was telling him orally at the hearing about FedEx's interference with Fairway's attempt to assign the contract to her personally, not to some other corporation. The first time DJM was introduced into this was in this fourth iteration of the complaint, and that came as a surprise to him and violated his instructions, and that's why he dismissed the complaint. Was there anything wrong with that as an exercise of discretion? Well, again, Your Honor, in reviewing the district court's decisions, both of them, the district court does not rest a conclusion based on what happened in the arbitration proceeding. Clearly the district court was irritated. Understood. I'm not suggesting that. Yeah, and clearly the court, I think, was irritated with Ms. Johnson's litigation in the case, but the district court, in our opinion, erred in concluding that it failed to state a claim under 42 U.S.C. 1981 and that it was beyond the statute of limitations. We can see that she did not have a lawyer at the time. We don't believe that that's a basis for dismissing a complaint with prejudice because, but for that, Your Honor, Judge Ludwig would have permitted the case to proceed even under the prior order to dismiss before DJM Logistics was entered into as a party in the case. All right, thank you. Mr. Stewart. Good morning, Your Honors, and may it please the court, my name is Ryan Stewart and I represent FedEx Ground. The district court properly dismissed the amended complaint with prejudice under Rule 41B and under Rule 8. This court's standard of review is abuse of discretion. The district court did not abuse its discretion and its decision can be affirmed for any one of at least three reasons. First, as Chief Judge Sykes pointed out, the district court gave Ms. Johnson the opportunity to amend her third complaint, which was filed in August of 2020, to assert a theory that to that point she had only raised in an unauthorized sir reply and an oral argument. The court's right. She was given very specific instructions on how she could possibly state a claim and the amended complaint that she ultimately filed defied the district court's prior order and neither Ms. Johnson nor DJM ever sought to leave to file further amendments below. Second, the amended complaint was not filed by an attorney. Ms. Johnson knew from her prior attempts to litigate in Judge Stapmuller's courtroom that only counseled complaints could be filed on behalf of corporations. Third, the amended complaint also did not comply with Rule 8. There's no allegation about who DJM shareholders were, no allegation that FedEx Ground was aware that Ms. Johnson was to be a DJM shareholder at some point in the future, and no allegation that FedEx Ground consented to an assignment to a company whose imputed racial identity was different than Ms. Johnson's. The opposite is true. Chief Judge Sykes was asking some questions about the prior arbitration proceeding, facts that were before Judge Ludwig, information that was before Judge Stapmuller as well. Chief Judge Sykes, you're exactly right. All of these claims arise from the termination of Fairway's relationship and its assignment of its contractual rights. There's an allegation now that there was this proposed assignment, Ms. Johnson is alleging, that she was to be a shareholder of DJM. What actually happened was in August of 2017, FedEx Ground consented to Fairway's assignment to BN Services. BN Services is a wholly owned and operated company owned by Ms. Johnson's mother, Sheila Johnson, who has the same protected characteristics as Brandy Johnson does. So the idea that this entire assignment was blocked based on some racial animus by FedEx Ground is not true. As to the first item, the court's aware of the procedural history here. Ms. Johnson's relationship with Judge Stapmuller in January of 2020, the counseled complaint that was filed in March of 20 that was then withdrawn because the claims of Ms. Johnson and Fairway delivery were consolidated in a then pending arbitration between FedEx Ground and BN Services. So BN Services is the successful assignee in this case. The claims of Fairway and Ms. Brandy Johnson were rolled into that arbitration. That matter was resolved. It resulted in a release of all parties' claims, a mutual release. So during oral argument, fast forwarding now to oral argument on FedEx Ground's motion to dismiss the third complaint, the August 2020 complaint, Ms. Johnson introduces this new theory that and the court was explicit. The court was very patient. The court considered an unauthorized surreply that Ms. Johnson had submitted. It was patient during oral argument and it told her explicitly not to file an amended complaint unless she had evidence that a proposed assignment was blocked to her personally. And it was her representation that sort of encouraged the court to even give her this opportunity, the representation that an assignment was proposed to her individually. So she had 14 days to file the amended complaint. She filed it in about a week. It was uncounseled and rather than pleading consistent with her earlier representations to the district court, she now claimed that she was DJM's incorporator and that she was to be a shareholder at some point in the future. So that's a clear violation of the district court's prior order and the dismissal with prejudice under Rule 41B is therefore appropriate. I think we've covered the fact that this was an uncounseled complaint on behalf of a corporation. Judge Ludwig was not required to give Ms. Johnson any further latitude. Ms. Johnson was aware from her filings before Judge Stapmuller earlier in 2020 that she could not appear on behalf of the corporation in federal court and it was not until Ms. Johnson was responding to the district court show cause order in January of this year that she raised the issue of needing more time to hire an attorney. That was not presented to Judge Ludwig and it really distorts the way the case proceeded before him. The final point is the point under Rule 8. This court's jurisprudence has recognized that individuals have an imputed racial identity based on the the race of their shareholders. The allegation here is not that Ms. Johnson was DJM's shareholder, it's that she was DJM's incorporator and that she was to be a shareholder at some point in the future. That's not been recognized to confer standing on a corporation to bring a 1981 claim in this circuit. And as I mentioned, the allegations at bottom just don't make any sense. The notion that FedEx Ground blocked a proposed assignment to DJM because of racial animus doesn't hold up when only two weeks later FedEx Ground consents to an assignment of Fairway's rights to BN services, who as I mentioned was the wholly owned and operated corporation of Brandi Johnson's mother. Her name is Sheila Johnson. An essential element of these claims is that the position was filled by someone outside of Ms. Johnson's protected class. And if we're going a little further down the rabbit hole here on what was presented to Judge Ludwig, Ms. Johnson can't even allege, much less prove, that FedEx Ground chose to contract with someone outside of her protected class. So her allegations fail on that basis as well. In summation, there's no abuse of discretion in the district court's decision. Ms. Johnson has had her day in court and in arbitration. The district court gave Ms. Johnson specific instructions and an opportunity to amend, but Ms. Johnson defied the court's prior order and ignored its rules resulting in dismissal under Rule 41. We respectfully request that the court affirm the release of claims in the arbitration settlement as a basis to dismiss the complaint. The settlement was confidential. We attempted to be selective in the issues we put before the district court because there were so many of them with the pleadings. We raised that Ms. Brandi Johnson herself had released all claims in her individual capacity. Candidly, Judge Sykes, FedEx Ground had no idea that Brandi Johnson was even involved in DJM. DJM was not a party to the settlement agreement and this is, somebody mentioned kicking the cat multiple times or in inventing a series of theories based on one decision and then another theory sort of comes up and I think it's, that is an accurate assessment of what's going on here and we would request that the district court's decision be affirmed. All right, thank you very much. Mr. Sultan, you had used all your time so we'll take the case under advisement.